UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **CURTIS LEE JOHNSON** | **CIVIL ACTION NO. 6:13-cv-2252** |
| **LA. DOC #397021** | |
| **VS.** | **SECTION P** |
| | **JUDGE RICHARD T. HAIK, SR.** |
| **NATHAN CAIN, WARDEN** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Curtis Lee Brown filed the instant petition for writ of *habeas corpus* on July 1, 2013. Petitioner is an inmate in the custody of Louisiana's Department of Corrections He attacks his 2010 conviction for aggravated incest and the sentence imposed by the Sixteenth Judicial District Court, St. Mary Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE.**

*Statement of the Case*

Petitioner was convicted of aggravated incest on March 26, 2010; on August 18, 2010 he was sentenced. He appealed his conviction to the First Circuit Court of Appeal raising five assignments of error: (1) The lower court abused its discretion when it denied petitioner's post-trial motions without a hearing because the motions raised substantial issues that, if true, deprived petitioner of his right to testify and to present a defense; (2) The lower court erred by denying petitioner's motion for post-verdict judgment of acquittal, arrest of judgment, and new trial because petitioner's un-refuted proffer in support of those motions proved that petitioner had

been deprived of his right to testify and to present a defense; (3) The lower court erred by denying petitioner's motion in arrest of judgment because the indictment was clearly defective and it omitted the essential averments of the statute; (4) The lower court erred by limiting voir dire to 1 hour per panel of prospective jurors because this deprived petitioner of full voir dire examination of prospective jurors; (5) The lower court erred by denying the petitioner's *Batson* challenge. [Doc. 1-1, pp. 10-27]

On December 29, 2011 the First Circuit affirmed petitioner's conviction in an unpublished opinion. *State of Louisiana v. C.L.J.*, 2011-0972 (La. 12/29/2011), 2011 WL 6916529. [Doc. 1-1, pp. 37-48] On January 10, 2012, petitioner applied for rehearing [Doc. 1-1, pp. 28-36] and on February 22, 2012 his application for rehearing was denied.

On March 21, 2012 petitioner's appellate counsel filed an application for writs in the Louisiana Supreme Court in which he argued only that the trial court and court of appeals erred in their rulings on petitioner's motion for a new trial based on the claim that petitioner was prohibited from testifying in his own defense by trial counsel. [Doc. 1-1, pp. 2-9] On September 14, 2012 the Supreme Court denied writs without comment. *State of Louisiana v. Curtis Lee Johnson*, 2012-0677 (La. 9/14/2012), 98 So.3d 821. [Doc. 1-1, p. 1]

Petitioner filed his federal *habeas* petition on July 1, 2013. He argues the same claims raised on appeal to the First Circuit Court of Appeals. [Doc. 1]

### Law and Analysis

### *1. Exhaustion of State Court Remedies and Procedural Default*

Federal *habeas corpus* review of state court convictions is limited by the intertwined doctrines of procedural default and exhaustion of state court remedies. Procedural default exists

where (1) a state court clearly and expressly bases its dismissal of the petitioner's constitutional claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, ("traditional" procedural default), or (2) the petitioner fails to properly exhaust all available state court remedies, and the state court to which he would be required to petition would now find the claims procedurally barred, ("technical" procedural default).  In either instance, the petitioner is deemed to have forfeited his federal *habeas* claims. *Bledsue v. Johnson*, 188 F.3d 250, 254-55 (5th Cir.1999) citing *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1986) and *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

   The federal *habeas corpus* statute and decades of federal jurisprudence require a petitioner seeking federal *habeas corpus* relief to exhaust all available state court remedies prior to filing his federal petition. 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982);  *Minor v. Lucas*, 697 F.2d 697 (5th Cir.1983);  *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir.1999);  *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir.1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir.1998).  In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of his federal constitutional claims to the state courts in a "procedurally proper manner." *Wilder v. Cockrell*, 274 F.3d 255, 259 (5 Cir.2001); *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir.1998) citing *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir.1985);  *Mercadel*, 179 F.3d at 275 citing *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir.1988);  *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983); *Deter v. Collins*, 985 F.2d 789, 795 (5th Cir.

1993). Moreover, each claim must be presented to the state's highest court, even when review by that court is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Magouirk*, 144 F.3d at 360 citing *Richardson*, 762 F.2d at 431-32. In Louisiana, the highest court is the Louisiana Supreme Court. *See* LSA – Const. Art. 5, §5(a) ("The Supreme Court has general supervisory jurisdiction over all other courts...")

Thus, in order for a Louisiana prisoner to have exhausted his state court remedies, he must have fairly presented the substance of his federal constitutional claims to the Louisiana Supreme Court in a procedurally correct manner. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). Exhaustion requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971).

Petitioner raised his current *habeas* claims on direct appeal to the First Circuit Court of Appeals. [Compare Doc. 1-1, pp. 10-27 – Appellant's Brief to the First Circuit Court of Appeals with Doc. 1, pp. 12-13 – "Attachments to *Habeas* Petition"] However, as previously shown, petitioner's writ application on direct review to the Louisiana Supreme Court sought review only of the District Court and Court of Appeals' denial of his post-verdict motions which in turn were based on the alleged denial of petitioner's right to testify on his own behalf. [Doc. 1-1, pp. 2-9]

### *Procedural Default*

Petitioner failed to exhaust available state court remedies with regard to Claims 3, 4, and 5 and the claim asserted in Claims 1 and 2 concerning the denial of his right to present a defense, when his attorney failed to raise those claims in his writ application to the Louisiana Supreme

Court. As previously observed, petitioner's appellate counsel raised a single claim for review in his application for writs filed in the Supreme Court, namely, that the trial court and the Court of Appeals erred in their interpretation of *State v. Hampton*, 00-0522 (La. 3/22/02), 818 So.2d 720 with regard to the quantum of proof needed to obtain a hearing on a motion for a new trial based on the claim that trial counsel prohibited the defendant from testifying on his own behalf.[1]

However, it also appears that petitioner would be unable to return to the Louisiana courts to fully exhaust remedies. Louisiana Supreme Court Rule X, §5(a) imposes a 30 day limitation period for seeking review of the judgment of a Court of Appeals and therefore petitioner could not now obtain Supreme Court review of his unexhausted *habeas* claims; further, La. C.Cr.P. art. 930.4 generally prohibits successive or repetitive petitions and specifically prohibits, unless required in the interest of justice, consideration of "any claim for relief which was fully litigated in an appeal from the proceedings leading to the judgment of conviction and sentence..."

Thus any attempt to return to the Louisiana Courts to litigate Assignments of Error 3, 4, and 5, and that subset of Assignments 1 and 2 dealing with the petitioner's right to present a defense, would likely be rejected as untimely if raised again in a writ submitted to the Supreme Court and as successive if raised in an application for post-conviction relief in the District Court.

---

[1] The assignment of error submitted in the Supreme Court writ application was as follows, "The two judges in the majority appellate court opinion believed that *State v. Hampton*, 00-0522 (La. 3/22/02), 818 So.2d 720 stands for the proposition that a defendant who claims after his trial that his attorney deprived him of his right to testify in his defense must present his trial attorney's affidavit admitting her Constitutional error. Citing a passage from Hampton taken from Passos-Paternina v. U.S., 12 F. Supp.2d 231 (P.R. 1998), the two appellate judges decided that a defendant can never win a new trial without that affidavit. The majority erred in its statement and application of the burden established in *Hampton* and *Passos-Paternina*." [Doc. 1-1, p. 6] Counsel's decision to argue only that aspect of Assignments of Error 1 and 2 leaves state court remedies, with respect to the remaining Assignments of Error, unexhausted.

While State court remedies with respect to petitioner's *habeas* claims were not exhausted, these claims can be said to be "technically exhausted" since State court remedies are no longer available. (A petitioner has "technically exhausted" his federal claim if he fails to properly and timely present it to the state courts and is thereafter barred from seeking relief in those courts. *Magouirk v. Phillips*, 144 F.3d 348 (5th Cir.1998) citing *Coleman v. Thompson*, 501 U.S. 722, 731-33, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1986) and *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir.1995); *Coleman*, 111 S.Ct. 732, 735 fn. 1; *Bledsue*, 188 F.3d at 254-55; *Fuller v. Johnson*, 158 F.3d 903, 905-06 (5th Cir.1998). In such a case, however, there is no difference between non-exhaustion and procedural default. *Magouirk*, 144 F.3d at 358. Accordingly, when a petitioner fails to exhaust state court remedies because he has allowed his federal claims to lapse, those claims are considered "technically" procedurally defaulted. *Id.*)

Generally, federal *habeas* courts may not review the merits of these technically exhausted but procedurally defaulted claims unless the petitioner demonstrates that he should be excused from application of the procedural default doctrine. This he can do by showing proper exhaustion of his state court remedies, or, failing that, by showing either cause and prejudice or that a miscarriage of justice will result from the denial of federal *habeas corpus* review. *See Finley*, 243 F.3d 215, 220-221 (5th Cir. 2001); *Coleman, supra; McCleskey v. Zant*, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991); *Moore v. Roberts*, 83 F.3d 699 (5th Cir.1996); *Gray v. Netherland*, 518 U.S. 152, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996); *Sones*, 61 F.3d at 416. *Murray*, 477 U.S. at 496, 106 S.Ct. at 2649; *Glover*, 128 F.3d at 904; *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir.1995); *Callins v. Johnson*, 89 F.3d 210, 213 (5th Cir.1996) quoting *McClesky*, 499 U.S. at 495, 114 S.Ct. at 1471.

*Cause and Prejudice*

In *Murray v. Carrier*, the Supreme Court explained that "cause" in this context refers to an impediment external to the defense: "[W]e think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. Without attempting an exhaustive catalog of such objective impediments to compliance with a procedural rule, we note that a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that some interference by officials made compliance impracticable, would constitute cause under this standard. *Id.* at 488, 106 S.Ct. at 2645 (internal citations omitted)."

Clearly, the cause of the defaults identified above was appellate counsel's decision to raise and argue only one Assignment of Error to the Louisiana Supreme Court on direct review. This failure was clearly not "... an impediment <u>external</u> to the defense..." Indeed, it must be presumed that the decision to seek writs only on the issue raised in Assignments of Error 1 and 2 was a strategic decision on the part of counsel.[2] Thus, petitioner has thus far not shown "cause" for his default, and, if a *habeas* petitioner fails to demonstrate cause, the court need not consider whether there is actual prejudice. *Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir.1992).

Nevertheless, with respect to each of the defaulted claims identified above, petitioner has

---

[2] Indeed, counsel clearly decided to argue the assignment of error that had the greatest chance of success. This strategic choice on counsel's part was no doubt based upon Judge Welch's dissent, "I believe denying defendant's post-trial motions without a hearing was error and I would remand the case for a hearing on the motions, particularly defendant's motion wherein he claims that he was denied his right to testify at trial." *State v. C.I.J.*, 2011 WL 6916529 at *8.

also failed to demonstrate prejudice.

### *Miscarriage of Justice*

In order for a *habeas corpus* petitioner to avoid a procedural default by showing a fundamental miscarriage of justice, he must assert his actual innocence by showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986); *Glover*, 128 F.3d at 904. To support such an exception, the petitioner must allege that as a factual matter he did not commit the crime. *Corwin v. Johnson*, 150 F.3d 467, 473 (5 Cir.1998); *Ward v. Cain*, 53 F.3d 106, 108 (5 Cir.1995). Thus, the petitioner must make a "colorable showing of factual innocence." *Callins v. Johnson*, 89 F.3d 210, 213 (5th Cir.), *cert. denied*, 519 U.S. 1017, 117 S.Ct. 530, 136 L.Ed.2d 416 (1996) quoting *McClesky v. Zant*, 499 U.S. 467, 495, 114 S.Ct. 1454, 1471, 113 L.Ed.2d 517 (1993). Other than his self-serving and conclusory allegations to the contrary, petitioner has not shown that a fundamental miscarriage of justice would result from this Court's failure to consider his unexhausted but procedurally defaulted claims.

**2. Constitutional Claims**

Plaintiff presented that portion of Assignments of Error 1 and 2 (dealing with the post-verdict motions based on the allegation that counsel refused to allow petitioner to testify on his own behalf) to the Louisiana Supreme Court on direct review. However, federal *habeas corpus* relief is available only to State prisoners who are "... in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a); *Swarthout v. Cooke*, — U.S. —, 131 S.Ct. 859, 178 L.Ed.2d 732 (2011) (quoting *Wilson v. Corcoran*, 562 U.S. —, 131 S.Ct. 13, 15, 178 L.Ed.2d 276 (2010)(per curiam)). Federal *habeas corpus* relief is not available for errors of

state law. *Id.,* citing *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990)).

As previously noted, with regard to Assignments of Error 1 and 2, petitioner alleged on appeal to the First Circuit, "The lower court abused its discretion when it <u>denied appellant's post-trial motions, including his motion for a new trial, without giving the appellant a hearing on those motions</u>..." and, "<u>The lower court erred by denying the appellant's motions for pos-verdict judgment of acquittal, arrest of judgment, and new trial</u> ..." [Doc. 1-1, p.12] Thereafter, in his writ application to the Louisiana Supreme Court, petitioner argued that the Court of Appeals "<u>erred in its statement and application of the burden (of proof to obtain a hearing on a motion for new trial) as established in</u> *State v. Hampton*..."

Clearly, petitioner, throughout his State court proceedings, and in this Court as well, argued that the District Court, the Court of Appeals, and the Supreme Court of Louisiana erred in applying Louisiana law by not affording petitioner a hearing before ruling on his post-verdict motions. That claim is simply not cognizable in this federal *habeas corpus* proceeding. This Court cannot grant *habeas corpus* relief based on claims of error made by the Louisiana courts in interpreting and applying Louisiana law. *Narvaiz v. Johnson*, 134 F.3d 688, 695 (5th Cir.1998) (quoting *Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) and *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990), and citing *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir.1996)). Put another way, "[I]t is not the province of a federal *habeas* court to reexamine state-court determinations on state-law questions." *Estelle*, 502 U.S. at 67–68; see also *Molo v. Johnson*, 207 F.3d 773, 776 n. 9 (5th Cir.2000) ("Federal *habeas* review does not extend to state court conclusions of state law."); *Hogue v. Johnson*, 131

F.3d 466, 506 (5th Cir.1997) (a disagreement as to state law is not cognizable on federal *habeas* review).

Petitioner may claim that he raised a federal claim – the denial of his Constitutional right to testify in his own defense – however, the record, as shown above, clearly refutes such a claim. Petitioner has only and always claimed error on the part of the Louisiana courts in their determination as to the quantum of proof necessary to obtain a hearing on post-verdict motions. His claim to the contrary is simply without a basis in law or fact.

*Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner failed to exhaust available state court remedies and his federal claims are now procedurally defaulted and because he fails to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or**

**the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Lafayette, Louisiana August 16, 2013.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

11