UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **CURTIS LEE JOHNSON**<br>    **LA. DOC #397021**<br>**VS.** | **CIVIL ACTION NO. 6:13-cv-2252**<br><br>**SECTION P**<br><br>**JUDGE RICHARD T. HAIK, SR.** |
| **NATHAN CAIN, WARDEN** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

**SUPPLEMENTAL REPORT AND RECOMMENDATION**

On July 1, 2013, *pro se* petitioner Curtis Lee Johnson, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* attacking his 2010 Louisiana conviction for aggravated incest. Petitioner argued five grounds for relief which were identical to the assignments of error presented to the Louisiana First Circuit Court of Appeals on direct review.[1] In a Report issued on August 16, 2013 dismissal was recommended on the grounds that petitioner failed to exhaust available State court remedies with regard to claims 3, 4, and 5 and with regards to that aspect of claims 1 and 2 dealing with the alleged denial of his right to testify on his own behalf and to present a defense. The exhibits

---

[1] Petitioner raised the following grounds for relief/assignments of error: (1) The lower court abused its discretion when it denied petitioner's post-trial motions without a hearing because the motions raised substantial issues that, if true, deprived petitioner of his right to testify and to present a defense; (2) The lower court erred by denying petitioner's motion for post-verdict judgment of acquittal, arrest of judgment, and new trial because petitioner's un-refuted proffer in support of those motions proved that petitioner had been deprived of his right to testify and to present a defense; (3) The lower court erred by denying petitioner's motion in arrest of judgment because the indictment was clearly defective and it omitted the essential averments of the statute; (4) The lower court erred by limiting voir dire to 1 hour per panel of prospective jurors because this deprived petitioner of full voir dire examination of prospective jurors; (5) The lower court erred by denying the petitioner's *Batson* challenge. [Doc. 1, pp. 12-13]

tendered by petitioner established that these claims were raised on direct appeal to the First Circuit Court of Appeals, however, they were omitted from the petitioner's subsequent writ application and thus not fairly presented to the Louisiana Supreme Court. [Doc. 1-1, pp. 2-9] With regard to these unexhausted claims, the Report further observed that these claims would now be considered procedurally defaulted should petitioner attempt to either seek *certiorari* again in the Supreme Court or raise the claims anew in an application for post-conviction relief. Having determined that these claims were unexhausted but now procedurally defaulted, the Report also observed that petitioner failed to establish cause and prejudice or actual innocence so as to warrant federal review of the procedurally defaulted claims. With regard to the claims that were presented to the Supreme Court and thus exhausted, the Report concluded that those claims could not support *habeas* relief since they raised only errors of State law – namely, the quantum of proof necessary to invoke an evidentiary hearing. [Doc. 7]

On August 28, 2013 petitioner filed an objection to the Report and Recommendation. Therein he acknowledged that the analysis and conclusions concerning Claims 3, 4, and 5 were correct; however, he objected to the analysis and conclusions with regard to Claims 1 and 2.[2] [Doc. 9, pp. 4-5] With regard to the latter claims petitioner argued that contrary to the findings in the Report and Recommendation, he did fairly present to the Louisiana Supreme Court his Constitutional claims that he was denied his right to testify on his own behalf and to present a defense. [Doc. 9][3] On January 22, 2014 the Court considered the objection but adopted the

---

[2] Petitioner's objection or Traverse stated, "Petitioner does agree with the Magistrate on claims three, four, and five. Petitioner's argument is claim one and two." [Doc. 9, p. 5]

[3] That claim is, as noted in the original Report and Recommendation, without a basis in fact. In his "Statement of Writ Grant Considerations" filed in the Supreme Court, petitioner's

recommendation and ordered dismissal of the petition with prejudice. [Doc. 11]

On January 28, 2014 petitioner filed a pleading entitled, " Motion to Reconsider." Therein he argued, among other things that his petition was a "mixed petition" containing both exhausted and unexhausted claims and therefore he should have been presented with the option to dismiss his unexhausted claims and proceed to ruling only on the exhausted claims, or, in the alternative, that the Court should have stayed the proceedings to allow him the opportunity to return to the Louisiana courts to exhaust all unexhausted claims; in the alternative he argued that he is entitled to an evidentiary hearing on his claims that he was denied his right to testify and to present a defense. [Doc.12][4] On May 22, 2014 the Court referred petitioner's motions for further report and recommendation. [Doc. 16]

---

counsel alleged "The court of appeal has erroneously interpreted and applied the law discussed in *State v. Hampton*, 00-0522 (La. 3/22/02), 818 So.2d 720 by stating that it stands for the proposition that a defendant who claims after his trial that his attorney deprived him of his right to testify must present his trial attorney's affidavit admitting her Constitutional error before the judge must hear the motion for new trial." He framed the assignment of error as follows: "The two judges in the majority ... opinion believed that [*Hampton*] stands for the proposition that a defendant who claims after his trial that his attorney deprived him of his right to testify in his defense must present his trial attorney's affidavit admitting her Constitutional error ... The majority erred in its statement and application of the burden established in *Hampton* and *Passos-Paternina*."[Doc. 1-2, pp. 2-9]

[4] At the same time he filed a "Supplement in Support of Motion to Reconsider" in which he alleged, "The records clearly show the ineffective assistance of counsel claim was raised and denied by the trial court. The claim is exhausted, the court should consider claims of ineffective assistance of counsel..." He also alleged that "The right of a criminal defendant to testify in his own behalf is well established..." [Doc. 12-1] On February 3, 2014 petitioner filed a "Motion for Evidentiary Hearing." Therein he claimed that his federal constitutional claims were properly raised in the Supreme Court. He also provided exhibits, namely a letter from his appellate counsel and copies of "... that part of the brief we filed with the Louisiana appellate court..." which purport to establish that counsel presented the Constitutional claim that petitioner was denied the right to testify on his own behalf to the Supreme Court. [Docs. 13 and 13-1]

3

*Law and Analysis*

Petitioner contends that he is entitled to relief because his petition was a "mixed petition" containing both exhausted and unexhausted claims and therefore he should have been presented with the option to dismiss his unexhausted claims and proceed to ruling only on the exhausted claims, or, in the alternative, that the Court should have stayed the proceedings to allow him the opportunity to return to the Louisiana courts to exhaust all unexhausted claims. The Report, insofar as it recommended dismissal of petitioner's unexhausted *habeas corpus* claims as procedurally defaulted, was incorrect. As noted in the Report, petitioner would be unable to raise his unexhausted claims in an application for *certiorari* in the Louisiana Supreme Court because under that Court's Rule X, §5(a), he was required to file the application within 30 days of the date that the Court of Appeals mailed notice of judgment. The Report also concluded that petitioner would be unable to raise his claims in an application for post-conviction relief since La. C.Cr.P. art. 930.4(A) generally prohibits consideration of claims that were "fully litigated in an appeal." If the Court were to stay the proceedings to allow petitioner the opportunity to return to the Louisiana Courts in an attempt to exhaust his unexhausted claims *via* an application for post-conviction relief, it is highly likely, indeed, almost certain, that his application would be dismissed pursuant to art. 930.4(A).[5] In other words nothing would be gained by staying these

---

[5] The Louisiana Supreme Court routinely relies upon art. 930.4(A) to reject as repetitive applications for post-conviction relief which seek to litigate claims previously addressed on appeal. See for example: *State ex rel. Lee v. State*, --- So.3d ----, 2014 WL 1814050, 2013-2229 (La. 4/25/14); *State ex rel. Charles v. State*, 135 So.3d 635, 2013-2043 (La. 4/4/14); *State ex rel. Trainor v. State*, 131 So.3d 55, 2013-1650 (La. 1/27/14); *State ex rel. Fortune v. State*, 126 So.3d 1282, 2013-1437 (La. 12/2/13); *State ex rel. Johnson v. State*, 125 So.3d 425, 2013-1240 (La. 11/1/13); *State ex rel. St. Romain v. State*, 98 So.3d 821, 2012-0590 (La. 9/12/12); *State ex rel. Kaigler v. State*, 97 So.3d 359, 2012-0049 (La. 8/22/12); *State ex rel. Craft v. State*, 85 So.3d 110, 2011-1434 (La. 3/30/12); *State ex rel. Lee v. State*, 82 So.3d 278, 2011-0757 (La. 2/17/12);

proceedings to allow petitioner to return to the Louisiana courts to raise claims that would most certainly be rejected as repetitive.

The Report and Recommendation concluded that art. 930.4(A), to the extent that it precludes post-conviction review of claims already "fully litigated" on direct appeal, would operate as a procedural bar prohibiting habeas review of the petitioner's claims. However, Fifth Circuit jurisprudence suggests otherwise. "[T]he bar imposed by article 930.4(A) is not a procedural bar in the traditional sense, nor is it a decision on the merits." *Bennett v. Whitley*, 41 F.3d 1581, 1583 (5th Cir.1994). In other words, the art. 930.4(A) bar does not preclude *habeas* review of claims that were considered on direct appeal. The *habeas* court is instead authorized and directed to "look-through" the ruling on collateral review (or, as in this case to "look-through" the anticipated ruling on collateral review) and consider only the direct appeal proceeding. *Bennett*, at 1582–83 (citing *Ylst v. Nunnemaker*, 501 U.S. 797 at 804, f.n. 3.[6])

### *Conclusion and Recommendation*

As noted in the original Report and Recommendation, petitioner argued 5 Assignments of Error on direct appeal. Each assignment was considered and rejected by the Court of Appeals.

---

*State ex rel. Thornton v. State*, 976 So.2d 711, 2007-0924 (La. 2/1/08); *State ex rel. Mead v. State*, 967 So.2d 532, 2007-0384 (La. 11/21/07); *State ex rel. Paul v. State*, 966 So.2d 567, 2007-0158 (La. 10/26/07).

[6] Therein the Court explained, "[When] the later state decision rests upon a prohibition against further state review-for example, an unexplained denial of state habeas resting in fact upon a rule ... preventing the relitigation on state habeas of claims raised on direct appeal. In that circumstance, even though the presumption does not posit the real reason for the later denial, it does produce a result ('looking through' to the last reasoned decision) that is the correct one for federal habeas courts. Since a later state decision based upon ineligibility for further state review neither rests upon procedural default nor lifts a pre-existing procedural default, its effect upon the availability of federal habeas is nil-which is precisely the effect accorded by the 'look-through' presumption..."

Thereafter, petitioner sought review of only one of his claims in the Louisiana Supreme Court. In his writ application, he argued only that the Court of Appeals misapplied Louisiana precedent in determining the quantum of proof necessary to invoke his right to a post-trial hearing on the issue of whether or not he was denied the right to testify by his attorney. Thus, as noted in the Report and Recommendation, State court remedies, with respect to his federal habeas claims remain unexhausted. However, should petitioner now return to the Louisiana courts to seek review of his unexhausted claims, his application for post-conviction relief would most assuredly be rejected as repetitive under art. 930.4(A) which prohibits re-litigation of claims fully litigated on appeal. Nevertheless, under Fifth Circuit precedent, art. 930.4(A) is not a procedural bar in the traditional sense. Therefore, notwithstanding the fact that petitioner's habeas claims remain unexhausted, the Court should vacate its judgment, serve the petition upon the respondents, obtain a copy of the complete State court record along with the State's answer and brief in support, and thereafter resolve the issues raised in the instant petition.

### *Recommendation*

Therefore, considering the foregoing,

**IT IS RECOMMENDED** that petitioner's Motion to Reconsider [Docs. 12 and 12-1] be construed as a Motion for Relief From Judgment pursuant to FRCP Rule 60(b)(6) and that said motion be **GRANTED IN PART** and that the Judgment of January 22, 2014 be **VACATED** and the matter referred back to the undersigned for further proceedings consistent with this Report and Recommendation; **IT IS FURTHER RECOMMENDED** that the Motion for Evidentiary Hearing [Doc. 13] be **DENIED** pending the production and review of the State court record.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties

6

aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Lafayette, Louisiana June 30, 2014.

_____
**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**

COPY SENT:

DATE: \_\_6/30/2014_____
BY: _____EFA_____
TO: _____RTH, pj_____